IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON



**JOE STONE,**

      Plaintiff *(pro se),*

  v.

**BRUCE HAWKINS,**
*Special Agent with the US Forest Service,*

      Defendant.

Civ. No. 6:14-cv-1157-MC

**ORDER of DISMISSAL**

MCSHANE, Judge:

For the reasons stated below, Defendant's Motion to Dismiss [#4] is **GRANTED** and the

case is **DISMISSED** with prejudice.

## BACKGROUND

On July 21, 2014, *pro se* plaintiff Joe Stone's Deschutes County Circuit Court case (SC-141252) against defendant USFS Special Agent Bruce Hawkins, was removed to this Court [#1]. On July 31, 2014, the Defendant filed a Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). [#4]. An Advice notice regarding the Motion to Dismiss was sent to the plaintiff on September 4, 2014. [#5]. Plaintiff was given until October 9, 2014 to file a Response, but did not do so. All other pretrial deadlines have also passed. [#2]. These matters are now before this Court.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), this court has the authority to dismiss an action at any time, if it determines the action fails to state a claim on which relief may be granted. In federal court, dismissal for failure to state a claim is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Herhon v. King & Spalding,* 467 U.S. 69, 73 (1984)); *Tanner v. Heise,* 879 F.2d 572, 576 (9th Cir. 1989). The court may not supply essential elements that are not pleaded. *Ivey v. Board of Regents,* 673 F.2d 266 (9th Cir. 1982). A *pro se* litigant will be given leave to amend her or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi,* 839 F.2d at 623; *Noll v. Carlson,* 809 F.2d 1446, 1447 (9th Cir. 1987).

In order to state a claim against a named defendant, a plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated her rights. General allegations are insufficient. The absence of any factual allegations against a named defendant

will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). *Polk v. Montgomery County,* 548 F. Supp. 613, 614 (D.Md. 1982). See also, *Morabito v. Blum,* 528 F.Supp. 252, 262 (S.D. N.Y. 1981).

This Court may also dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Defendants argue that the Plaintiff's complaint should be dismissed for lack of jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P. 12(b)(6). [#4]. This Court agrees.

Plaintiff describes his cause of action as, "Trespass [false claim]" and demands $8,640.00 in money damages. [#1 at page 4]. No other factual pleadings have been submitted by the Plaintiff. The claim seems to stem from an incident in April 2014, wherein the Plaintiff was subject to a criminal complaint for unlawfully dumping tree stumps on federal land. [#4 at p. 3].

As far as the court can decipher, neither the Plaintiff's Complaint, nor any of his hand-written notes have alleged sufficient facts to satisfy the requirements within Fed. R. Civ. P 8(a) of identifying any cognizable or viable claims against the named Defendant. Nor can this court conceive of any potential claims, even when interpreting the documents as liberally as possible. The deficiencies in the pleadings cannot be cured by amendment in any reasonably conceivable way either.

Dismissal of this action for lack of jurisdiction pursuant to Fed. R. Civ. P 12(b)(1) is also appropriate because the Plaintiff did not identify an applicable waiver of sovereign immunity and did not exhaust his available administrative remedies. [#4 at pp. 6-11].

Therefore, the plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P. 12(b)(6), for lack of jurisdiction and for failure to state a claim upon which relief can be granted. These deficiencies and the absence of factual allegations entitle the defendant to have this action dismissed. Because the deficiencies cannot be cured by amendment in any reasonably conceivable way, dismissal of this action *with* prejudice is appropriate.

## CONCLUSION

Accordingly, plaintiff's complaint is DISMISSED with prejudice pursuant to Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P. 12(b)(6), because (1) this Court lacks jurisdiction, and (2) the plaintiff's allegations and pleadings are insufficient to state a claim for relief.

IT IS SO ORDERED.

DATED the 10th day of December, 2014.

Michael J. McShane
United States District Judge